(6 Misc. Rep. 56.)

## WILLIAM OTTMANN & CO. v. HOFFMAN.

(City Court of New York, General Term.   November 27, 1893.)

STATUTES—REVIVAL—LIABILITY OF DIRECTORS FOR CORPORATE DEBTS.
    Laws 1890, c. 564, § 70, repeals Laws 1877, c. 228, § 3, making directors of corporations which have no capital stock personally liable for corporate debts.   Laws 1892, c. 688, amends the act of 1890 "so as to read as follows," and omits the repealing clause.   *Held*, that section 3 of the act of 1877 was revived by Laws 1892, c. 688, though Laws 1892, c. 677, § 31, provides that "the repeal hereafter or by this chapter of any provision of a statute which repeals any provision of a prior statute does not revive such prior statute," since both of the acts of 1892 took effect on the same day.

Appeal from trial term.

Action by William Ottmann & Co., a corporation organized under the laws of New Jersey, and doing business in the state of New York, against Joseph E. Hoffman, as a trustee of the Importers' & Traders' Club, a corporation organized under the board of trade law, (Laws 1877, c. 228,) to enforce the personal liability of defendant for a debt of said club, under section 3 of said law, which provides that, in the event of a corporation "not having any capital stock, then the trustees thereof shall be jointly and severally liable for all debts incurred by the corporation while they were trustees

thereof." A demurrer to the amended complaint was overruled and judgment was ordered for plaintiff for $1,862.34, and $64.96 costs, and defendant appeals.

Argued .before NEWBURGER, VAN WYCK, and McCARTHY, JJ.

Leo G. Rosenblatt, for appellant.

The issue of law hinges upon the question whether section 3, c. 228, Laws 1877, was in force in June, 1892, when the debt was incurred.

(1) The statute on which plaintiff bases his claim was expressly repealed by Stock Corp. Law 1890, c. 564, § 70.

(2) The repealing clause was not abrogated by its omission from the amended stock corporation law of 1892, (chapter 688.) Close v. Potter, (Super. Buff.) 21 N. Y. Supp. 1086. But, even conceding, for argument sake, that the repealing clause of the law of 1890 was abrogated, we contend that:

(3) The repeal of the repealing clause did not operate as a revivor of the original law, on which plaintiff founds its entire case; for the doctrine of implied statutory revivor was extinct when the repealing clause was repealed. Statutory Construction Law of 1892, c. 677, § 31: "The repeal hereafter or by this chapter of any provision of a statute which repeals a provision of a prior statute does not revive such prior provision."

(4) Even if the two laws (chapters 677 and 688 of the Laws of 1892) were passed simultaneously, the remedial and beneficent provisions of the statutory construction law must be, construed liberally, and as controlling of the operation of the amended stock corporation law. Close v. Potter, (Super. Buff.) 21 N. Y. Supp. 1086. "These revision acts of 1892 were all passed and took effect on the same day, and they should all be construed together, as such evidently was the intent of the legislature."

(5) The amended stock corporation law was presumptively passed after the statutory construction law, as appears from the numerical order of the two acts as chapters of the same body of laws. The statutory construction law is chapter 677 of 1892. The stock corporation law is chapter 688 of 1892. Suth. St. Const. § 160, note 7. First. The passage of a law dates from its signature by the governor. . Louisville v. Savings Bank, 104 U. S. 479; In re Kemeys, 56 Hun, 117, 9 N. Y. Supp. 182. Second. "The relative time of approval of acts bearing the same date may be inferred from the numerical order of the acts as published." Suth. St. Const. § 160; Board of Health v. Schmades, 3 Daly, 282; Strauss v. Heiss, 48 Md. 292. Third. The rule of convenience, which ordinarily prohibits the division of the day into fractions, does not hinder the inquiry as to the exact moment when a statute took effect. Grosvenor v. Magill, 37 Ill. 239; In re Richardson, 2 Story, 571; In re Dreyfous, (Surr.) 18 N. Y. Supp. 767. It does not apply in determining the effect of a public statute. Louisville v. Savings Bank, supra; Burgess v. Salmon, 97 U: S. 381; In re Dreyfous, (Surr.) 18 N. Y. Supp. 767. Fourth. The numbering of the chapters of the Session Laws is evidence of a high character. Suth. St. Const. § 160, note 7. "Circumstantial facts may produce stronger conviction of the day and year in which a bill was signed than the date affixed by the president." Gardner v. Barney, 6 Wall. 499, 509; Town of South Ottawa v. Perkins, 94 U. S. 260. The physical impossibility of signing two documents at the same moment compels to the conclusion that, of two acts approved on the same day, one must have been signed later than the other; and the presumption that the acts were signed in the order of their chapter numbers is a reasonable one. Board of Health v. Schmades, supra; Strauss v. Heiss, supra. Fifth. This presumption is not weakened by the fact that the secretary of state was authorized to adopt, in the publication of the revision acts, such "page headings" as the commissioners of revision might recommend. Laws 1892, c. 623. "Page headings" are not chapter numbers. Volume 1 of the Laws of 1892 has no page headings; volume 2 has. Compare the two, and the legitimate and practical meaning of the word "page heading" becomes apparent. Presumptively, then,

chapter 688 of Laws of 1892, was passed after, and is controlled by, the provision of the statutory construction law, (chapter 677. of the same year.)

(6) This presumption, as to the order in which the two laws were signed, accords with the actual facts.

M. A. Kursheedt, for respondent.

The defendant contends that section 3 of chapter 228 of the Laws of 1877 was repealed by section 70 of chapter 564 of the Laws of 1890. The plaintiff concedes this, but it insists that section 3 of chapter 228 of the Laws 1877, repealed by section 70 of chapter 564 of the Laws of 1890, was reinstated and revived by chapter 688 of the Laws of 1892, and the complaint states a good cause of action.

The plaintiff further insists that, unless the revival and reinstatement of section 3 of chapter 228 of the Laws of 1877 is precluded by section 31 of chapter 677 of the Laws of 1892, the complaint states a good cause of action. (a) That part of section 31 of chapter 677 of the Laws of 1892 which refers or has any application to the question now before the court is as follows: "Limiting the Effect of Repeal of Statutes. The repeal hereafter, or by this chapter, of any provision of a statute which repeals any provision of a prior statute, does not revive such prior provision. The repeal hereafter, or by this chapter, or any provision of a statute which amends a provision of a prior statute, leaves such prior provision in force unless the amendatory statute be a substantial re-enactment of the statute amended." (b) It will be observed that chapters 677 and 688 of the Laws of 1892 were both passed on the 18th day of May, 1892, and were both to take, and did take, effect on the same day, namely, May 18, 1892, and therefore are to be considered as simultaneous enactments, and as though they form part of the same enactment. This being so, they are not affected by the word "hereafter," referred to by defendant's counsel in section 31 of chapter 677 of the Laws of 1892. (c) Furthermore, section 9 of chapter 677 of the Laws of 1892 defines the word "hereafter," and says that the word "hereafter," in any provision of a statute, relates to the time such provision takes effect; and as this chapter and chapter 688 took effect simultaneously, and irrespective of which was actually signed first, the provisions of section 31 above referred to must be construed as applying to a law taking effect on a day subsequent to the 18th day of May, 1892. (d) As it cannot be claimed that any law affecting the question was passed subsequently to the 18th day of May, 1892, section 3 of chapter 228 of the Laws of 1877 must be considered as having been reinstated and revived by the stock corporation act of 1892, which amended the act of 1890 "so as to read as follows." (e) It did not re-enact the repealing clauses contained in the Laws of 1890, and, not having done this, it must be construed as having revived the provisions of the act of 1877, claimed by defendant never to have been reinstated. Chard v. Holt, 136 N. Y. 30, 32 N. E. 740; In re Prime, 136 N. Y. 347, 32 N. E. 1091.

Further, it is submitted that the first sentence of section 31, c. 677, of the Laws of 1892 was intended to apply to a case of an express repeal in terms contained in any act or provision hereafter passed by the legislature, and not to a case where the restoration of an act formerly repealed takes place, by implication, under a new law which does not reinact the repealing clauses of a law of which it takes the place. By the express terms of the second sentence of section 31, section 3 of chapter 228 of the Laws of 1877 is restored and revived, and the liability of the defendant thereunder complete; for the amendatory statute of 1892 was not a substitute reinactment of the statute of 1890. It omitted that part of the act of 1890 which repealed prior provisions of the law, and it contained many provisions which are not in the act of 1890, and, in consequence, the provisions of the Laws of 1877, from and after the passage of the act of 1892, were in full force.

NEWBURGER, J. The complaint herein alleges that the Importers' & Traders' Club was a domestic corporation, carrying on business in the city of New York, and organized under chapter 228

of the Laws of 1877, and that said corporation was organized without, and never had, any capital stock; that the defendant was a trustee of said corporation; and that the plaintiff sold to the said corporation goods, and that there was still due and owing to the plaintiff the sum of $3,110.51. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was properly overruled. The complaint stated sufficient facts to constitute a cause of action against defendant as a trustee. The revival and reinstatement of section 3 of chapter 228 of the Laws of 1877 is not precluded by section 31 of the Laws of 1892. Chapters 677 and 688 were both passed and took effect on the same day, namely, May 18, 1892, and must be considered as simultaneous statements, and, as no law was passed subsequent affecting the question, the law of 1877, as to the liability of trustee, was revived by the stock corporation act of 1892. For these reasons, the judgment appealed from must be affirmed, with costs. All concur.